IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. CIV-25-83-JD |
| v. | ) ) | |
| (2) DOLGENCORP, LLC, | ) ) | JURY DEMAND |
| Defendant. | ) | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act, as amended, ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on disability and to provide appropriate relief to Tracy Hagen, who was adversely affected by such practices. As alleged below, Defendant Dolgencorp, LLC violated the ADA by failing to accommodate her disability, subjecting her to discriminatory terms and conditions of employment, constructively discharging her employment, and retaliating against her because she engaged in protected activity.

## JURSIDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.

1

§§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been an employer engaged in industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5) and (7).

5. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Tracy Hagen timely filed a charge of discrimination (Charge No. 564-2023-02426) with the Commission. Hagen's charge alleged violations of Title I of the ADA by Defendant.

7. On September 23, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA.

2

8. The Commission invited Defendant to join with it in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 24, 2024, the Commission issued a Notice of Failure of Conciliation to Defendant.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Tracy Hagen suffers from posttraumatic stress disorder (PTSD), depression, and anti-social disorder.

14. These impairments substantially limit one or more of Hagen's major life activities and / or the operation of a bodily organ, including but not limited to her cognitive functions and interacting with others.

15. Hagen resides in Olustee, Oklahoma.

16. Defendant employed Hagen at its Olustee, Oklahoma location from on or about May 4, 2023, until her constructive discharge on June 2, 2023.

17. Before applying for the job and during her job interview, Hagen notified Defendant's store manager, Robin Darling, of her disabilities and their symptoms, including that she might need occasional unscheduled leave as an accommodation.

18. During Hagen's job interview, Darling asked her questions about her disabilities. Darling told Hagen that accommodations were available and that other employees, including employees from other nearby stores, could cover shifts if needed.

19. Although Darling indicated accommodations were available, she did not discuss with Hagen any process or procedures she should follow to request an accommodation.

20. Darling offered Hagen a night shift position and Hagen accepted.

21. On her first day of work, Darling informed Hagen that she would be a keyholder. Hagen held a keyholder position throughout her employment with Defendant.

22. Darling told Hagen that if she needed to miss work, she should inform Darling three (3) hours before her shift or as soon as possible.

23. During Hagen's employment with Defendant, Darling made negative comments about Hagen's disabilities. For example, Darling questioned Hagen about her job satisfaction, told Hagen she should quit before calling Defendant's employee hotline, and told Hagen that she (Darling) wouldn't lose her job because of anyone with a "social disability".

24. During Hagen's employment, Darling disciplined Hagen for conduct that other employees were not disciplined for. For example, Darling disciplined Hagen for leaving merchandise outside the store overnight after closing but did not discipline the

other employee who closed the store with Hagen. Darling also counseled Hagen for wearing black maternity pants to work, stating that her pants violated the dress code, even though other employees routinely wore attire inconsistent with the dress code and were not counseled.

25. Other employees told Hagen they observed that Darling treated Hagen differently and less favorably than how Darling treated other employees.

26. Due to Darling's conduct, Hagen contacted Defendant's employee hotline and reported that she was worried Darling was trying to push her out of the job because of her social anxiety. She also reported that she has difficulties finding jobs because of her disability, that she enjoyed working for Defendant, and that she did not want to lose her job due to her mental illness.

27. On May 31, Hagen called in sick due to an anxiety attack. Hagen attempted to call Darling multiple times on her cell phone and the store phone, but she could not reach Darling. Hagen eventually texted Darling about two and a half hours before her shift to inform Darling she could not work her shift that day.

28. When Hagen returned to work on June 2, Darling told her there were documents on her desk for Hagen to sign. Darling then left the store with no further explanation. Hagen went to Darling's desk and found a progressive counseling form.

29. The progressive discipline form stated that on May 31, Hagen "called out due to anxiety attack earlier in the day. Sent text @4:31[,] was scheduled to work @7. I got co-worker to cover her shift."

30. The "plan going forward" section of the form was blank.

31. Hagen completed the employee comments section of the form, writing, "As part of my disability I explained to you during the interview. I have PTSD, panic attacks, and [anxiety] social disorder. I had muiltiple [sic] attacks that day as explained in text that made me serverly [sic] sick. You said [upon] hire that my disability was ok and you would work with it."

32. The written discipline, combined with Darling's prior discriminatory conduct related to Hagen's terms and conditions of employment, caused Hagen significant emotional distress and she suffered an anxiety attack. She waited several minutes for the attack to subside and then texted Darling, stating that she could not work for a person who would use her disability as an excuse to write her up. Hagen felt compelled to resign because she found Darling's treatment intolerable and determined it was detrimental to her mental health.

33. Hagen called Defendant's employee hotline to report that she felt compelled to resign over Darling's conduct, including disciplining her for needing unscheduled time off for her disability.

34. Thereafter, Darling made negative comments about Hagen to other residents in their small town of Olustee, including sharing information about Hagen's anxiety attacks and ridiculing her because of her condition. Darling also told store employees they could not speak to Hagen or her family.

35. Hagen and her husband continued shopping at the store because it was the only store in town that sold baby diapers and other necessities.

36. Two months after Hagen resigned, on or about July 31, 2023, Darling called the police and alleged that Hagen and her family were trespassing when they shopped at the store during regular operating hours.

37. Due to Defendant's allegations, the local sheriff told Hagen and her husband that Darling "trespassed them from the store" and that they would be arrested if they went back. Because of the "trespass" accusation, the Hagens were forced to drive an extra 12 miles or more to the nearest store for essentials, including diapers.

38. Defendant continues to retaliate against Hagen by barring her family members from entering the Olustee, OK store.

## STATEMENT OF CLAIMS

### COUNT I – Failure to Accommodate

39. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

40. Hagen is an individual with disabilities as defined in the ADA because she has mental impairments that substantially limit one or more major life activities and / or the operation of a bodily organ, including cognitive function.

41. Defendant was aware of Hagen's disabilities.

42. Hagen is qualified and able, with reasonable accommodation, to perform the essential functions of her position with Defendant.

43. Hagen requested a reasonable accommodation.

44. Defendant engaged in unlawful employment practices in violation of Section 102(a) and (b)(5) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5), by refusing to make reasonable accommodation to Hagen's known disabilities.

45. Defendant's actions deprived Hagen of equal employment opportunities and otherwise adversely affected her employment because of her disabilities.

46. Defendant's unlawful employment practices were intentional.

47. Defendant's unlawful employment practices were committed with malice or reckless indifference to Hagen's federally protected rights.

### COUNT II – Discriminatory Terms and Conditions

48. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

49. Hagen is an individual with disabilities as defined in the ADA because she has mental impairments that substantially limit one or more major life activities and / or the operation of a bodily organ, including cognitive function.

50. Defendant was aware of Hagen's disabilities.

51. Hagen is qualified and able, with reasonable accommodation, to perform the essential functions of her position with Defendant.

52. Defendant engaged in unlawful employment practices in violation of Section 102(a) and (b) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b), by subjecting Hagen to discriminatory terms, conditions, and privileges of employment.

53. Defendant's actions deprived Hagen of equal employment opportunities and otherwise adversely affected her employment because of her disabilities.

54. Defendant's unlawful employment practices were intentional.

55. Defendant's unlawful employment practices were committed with malice or reckless indifference to Hagen's federally protected rights.

### COUNT III – Constructive Discharge

56. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

57. Hagen is an individual with disabilities as defined in the ADA because she has mental impairments that substantially limit one or more major life activities and / or the operation of a bodily organ, including cognitive function.

58. Defendant was aware of Hagen's disabilities.

59. Hagen is qualified and able, with reasonable accommodation, to perform the essential functions of her position with Defendant.

60. Defendant engaged in unlawful employment practices in violation of Section 102(a) and (b) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b), by creating negative working conditions based on Hagen's disabilities that were so intolerable as to cause her constructive discharge.

61. Defendant's actions deprived Hagen of equal employment opportunities and otherwise adversely affected her employment because of her disabilities.

62. Defendant's unlawful employment practices were intentional.

63. Defendant's unlawful employment practices were committed with malice or reckless indifference to Hagen's federally protected rights.

### COUNT IV – Retaliation

64. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

65. Hagen engaged in activity protected by Section 503 of Title V of the ADA, 42 U.S.C. § 12203 when she complained to Defendant about disability discrimination by her supervisor.

66. Defendant engaged in unlawful employment practices in violation of Section 503 of Title V of the ADA, 42 U.S.C. § 12203, by subjecting Hagen to materially adverse actions because she engaged in such protected activity, including falsely accusing her of trespassing, and reporting her to the police for the same, when she shopped at Defendant's store.

67. Defendant's unlawful employment practices were intentional.

68. Defendant's unlawful employment practices complained of herein were committed with malice or reckless indifference to Hagen's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against individuals with disabilities, denying requests for reasonable accommodation, disciplining individuals due to their need for a reasonable accommodation, and retaliating against individuals for their protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Tracy Hagen, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place instatement of Hagen.

D. Order Defendant to make whole Tracy Hagen by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole Tracy Hagen by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, humiliation, embarrassment, loss of self-esteem, anxiety, stress, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant to pay Tracy Hagen punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

          Respectfully submitted,

          KARLA GILBRIDE
          General Counsel

          CHRISTOPHER LAGE
          Deputy General Counsel

          GWENDOLYN REAMS
          Associate General Counsel

          ANDREA G. BARAN
          Regional Attorney

         /s/Lauren W. Johnston
          Lauren W. Johnston, OBA No. 22341
          Assistant Regional Attorney
          EQUAL EMPLOYMENT
          OPPORTUNITY COMMISSION
          215 Dean A. McGee Ave., Suite 524
          Oklahoma City, OK 73102
          (405) 666-0379 (telephone)
          (314) 539-7895 (fax)
          lauren.johnston@eeoc.gov (e-mail)

          **ATTORNEY FOR PLAINTIFF**
          **EQUAL EMPLOYMENT**
          **OPPORTUNITY COMMISSION**